UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

Case No: 25-20255
Hon. F. Kay Behm
U.S. District Judge

v.

OMARRI M. WADE,

        Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO SEAL EXHIBITS (ECF No. 42)**

Before the court is Defendant Omarri Wade's Motion to Seal four exhibits to his sentencing memorandum. (ECF No. 42).

In the Sixth Circuit, there is a strong presumption that records filed with the court must be open. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016). The burden of overcoming that presumption is a heavy one – "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). Thus, "when a district court opts to seal court records, it must set forth specific findings and conclusions which justify nondisclosure to the

1

public." *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) (cleaned up, quoting citation omitted). "[A] court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it." *Shane Grp.*, 825 F.3d at 306. Sealing should be narrowly tailored and done "on a document-by-document, line-by-line basis[.]" *Id.* at 308.

Wade moves to seal exhibit C, D, H, and I attached to his sentencing memorandum from public disclosure. Exhibit C is a sealed order from another court. Exhibit D is Michigan Department of Corrections Probation Violation Recommendation Report, which is marked "confidential." Exhibit H is a court report in the matter of minor child. Exhibit I is a transcript of a hearing for the petition for guardianship of a minor. The latter two exhibits contain sensitive and private information about a minor child, which has been held to be properly the subject of sealing. *See In re Flint Water Cases*, 2021 WL 2254064, at *2 (E.D. Mich. May 20, 2021) ("The Federal Rules of Civil Procedure recognize the privacy interests that minor children have in keeping their names and identifying information from being revealed in court documents.").

As to Exhibit D, in *U.S. Dep't of Just. v. Reps. Comm. For Freedom of Press*, 489 U.S. 749 (1989), the Supreme Court held that "individual subjects have a significant privacy interest in their criminal histories." *See also United States v. Griffiths*, No. 19-4276, 2020 U.S. App. LEXIS 36108, at *3 (6th Cir. Nov. 17, 2020) (PSRs generally "are presumed to be confidential."). Accordingly, the confidential probation violation report is properly sealed. Finally, the court finds no basis to disturb the sealing of a court order by another court and concludes that such a sealed order properly remains under seal.

The court also finds the proposed sealing of these documents is sufficiently narrowly tailored. Being fully apprised of the reasons for sealing these exhibits and relevant court documents and the general public interest in open court records, the court finds that Wade has met the heavy burden of presenting compelling reasons to seal the entirety of the four exhibits discussed above therefore **GRANTS** the motion to seal certain exhibits to Wade's sentencing memorandum.

**SO ORDERED**.

Date: January 6, 2026           s/F. Kay Behm
                                F. Kay Behm
                                United States District Judge